IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHELBY MILES, AS NEXT FRIEND OF Q.S; et al., | § § § § § | |
| Plaintiffs, | | |
| V. | § § § | No. 3:19-cv-2630-X |
| DOLGENCORP OF TEXAS, INC. D/B/A DOLLAR GENERAL, | § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs have filed a Motion to Compel Document Production and Depositions on Written Question to Dallas Police Department. *See* Dkt. No. 7 (the "motion to compel"). Under Federal Rules of Civil Procedure 37 and 45, Plaintiffs ask the Court to "issue[] an order compelling the Dallas Police Department to appear and answer Plaintiffs' Deposition on Written Questions and to produce the subpoenaed documents and items listed in Exhibit 'A' and 'B.'" Dkt. No. 7 at 2.

Non-Party City of Dallas also filed its Objections To Defendant's Subpoena and Motion to Quash or Modify, as to Defendant's Subpoena to Testify at a Deposition and Notice of Intent to Take Deposition by Written Questions directed to the Dallas Police Department. *See* Dkt. No. 27.

United States District Judge Brantley Starr has referred these motions to the undersigned United States magistrate judge for hearing, if necessary, and determination under 28 U.S.C. § 636(b). *See* Dkt. Nos. 9 & 29.

-1-

**Background**

Plaintiffs' motion to compel explains:

> 1. This is a wrongful death case that arises from the death of Gabrielle Monique Simmons ("Gabrielle"). Gabrielle was murdered while working at a Dollar General store after Dolgencorp of Texas, Inc. d/b/a Dollar General ("Dollar General") failed to take proper safety precautions to cure known violent risks after previous robberies and safety complaints by employees. The Dallas Police Department investigated the murder and eventually secured a guilty plea resulting in the incarceration of an individual.
> 2. On February 26, 2020, Plaintiffs sent depositions on written question with subpoenas to produce documents related to the now closed investigation in compliance with Federal Rules of Civil Procedure 31 and 45. The date for compliance was March 9, 2020. To date, the Dallas Police Department has failed to object, quash, or respond to the these depositions and subpoenas in any way. Further, the Dallas Police Department is not responding to any communication from Written Deposition Services – the company hired to conduct the deposition on written question and obtain the documents subpoenaed. As laid out more fully in Plaintiffs' accompanying brief, Plaintiffs are now forced to seek Court intervention to compel deposition answers and document production.
> 3. Plaintiffs will serve a copy of this motion to compel and accompanying brief on Christopher J. Caso, Dallas City Attorney, 1500 Marilla Street, Room 7DN, Dallas, Texas 75201-6622.
> 4. For these reasons, Plaintiffs pray that, following a hearing on this matter, the Court promptly issues an order compelling the Dallas Police Department to appear and answer Plaintiffs' Deposition on Written Questions and to produce the subpoenaed documents and items listed in Exhibit "A" and "B" and for any other relief they have shown they are justly entitled.

Dkt. No. 7 at 1-2 (footnotes omitted).

The undersigned entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge, *see* Dkt. No. 15, based on the premises that "[n]either the Dallas Police Department nor Defendant Defendant Dolgencorp of Texas, Inc. has filed a response, and their deadlines to do so have passed," *id.* at 1.

The undersigned explained:

> The subpoenas at issue were properly issued by this Court under Federal Rule of Civil Procedure 45(a), as the court where the action is pending. *See* FED. R. CIV. P. 45(a)(2) ("Issuing Court. A subpoena must issue from the court where the action is pending.").
>
> Plaintiffs have established that they served on the Dallas Police Department the subpoena and deposition on written question propounded to the homicide division and the subpoena and deposition on written question propounded to the physical evidence division, attached as Exhibits A and B to Dkt. No. 7-2.
>
> The Dallas Police Department has not timely served any objections or responses and has not file a motion for protective order or motion to quash the subpoenas. And "[a] failure to file objections results in the waiver of the same unless there are unusual circumstances present or good cause is shown." *Perez v. Boecken*, No. SA-19-CV-00375-XR, 2020 WL 2733954, at *3 (W.D. Tex. May 26, 2020) (citing *Am. Fed'n of Musicians of the U.S. & Canada v. Skodam Films, LLC*, 313 F.R.D 39, 43 (N.D. Tex. 2015)).
>
> But, as to the relief that Plaintiffs seek, the Court can only issue an order within the confines of what the Federal Rules provide based on the subpoenas at issue.
>
> Federal Rule of Civil Procedure 45(d)(2)(B) provides that, "[i]f an objection is made, … [a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production." FED. R. CIV. P. 45(d)(2)(B)(i). And this Court is the court for the district where compliance is required by these subpoenas and so would be the proper court for a properly filed Rule 45(d)(2) motion to compel or motion for contempt under Federal Rule of Civil Procedure 45(g). *See* Dkt. No. 7-2; *CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 708-10 (N.D. Tex. 2017).
>
> But, although Rule 45(d)(2)(B) generally applies to parties' efforts to obtain written or document discovery from third parties through a subpoena, Rule 45(d)(2)(B) by its own terms applies only where the third party makes objections. And, here, no objections were served.
>
> Plaintiffs also seek to compel the Dallas Police Department to appear through a representative and answer depositions through written questions. Federal Rule of Civil Procedure 31(a)(1) provides that "[a] party may, by written questions, depose any person, including a party, without leave of court except as provided in Rule 31(a)(2)" and that "[t]he deponent's attendance may be compelled by subpoena under [Federal Rule of Civil Procedure] 45." FED. R. CIV. P. 31(a)(1). Plaintiffs invoke Federal Rule of Civil Procedure 37(a)(3)(B)(i), but that rule

-3-

applies only after a deponent has appeared for a deposition. *See Traut v. Quantum Servicing, LLC*, No. 3:18-mc-14-D-BN, 2018 WL 1035134, at *7 (N.D. Tex. Feb. 23, 2018). And neither Federal Rule of Civil Procedure 37(a)(1) generally "nor any specific provision elsewhere in Rule 37 or 45 … authorizes a motion to require a non-party to appear for a deposition." *Id.* at *8.

And, so, as the Court has previously explained at length in a similar context, "the only mechanism under the Federal Rules available to [Plaintiffs] appears to be [Federal Rule of Civil Procedure] 45(g)'s provision that '[t]he court for the district where compliance is required … may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena.'" *Id.* at *9 (quoting FED. R. CIV. P. 45(g)); *see generally MetroPCS v. Thomas*, 327 F.R.D. 600, 608 (N.D. Tex. 2018) ("When a non-party to a lawsuit … is served with an overly broad subpoena duces tecum, … the non-party has four procedural options. First, it may ignore the subpoena. This is the worst option, almost certain to result in a contempt citation under Rule 45(g) and a finding that all objections have been waived." (internal quotation marks omitted)).

In a case in which, as here, the matter is referred to a magistrate judge under 28 U.S.C. § 636(b), 28 U.S.C. § 636(e)(6) provides that, "[u]pon the commission of any [act of contempt] − … (B) in any other case or proceeding under subsection (a) or (b) of this section, or any other statute, where − … (iii) the act constitutes a civil contempt, the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge."

"A party may be held in contempt if he violates a definite and specific court order requiring him to perform or refrain from performing a particular act or acts with knowledge of that order." *Whitfield v. Pennington*, 832 F.2d 909, 913 (5th Cir. 1987). "The judicial contempt power is a potent weapon" that should not be used unless a specific aspect of the court's order has been "clearly violated." *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 383 (5th Cir. 1999).

"Contempt is characterized as either civil or criminal depending on its 'primary purpose.'" *In re Collier*, 582 F. App'x 419, 522 (5th Cir.

2014). "A contempt order is civil in nature if the purpose of the order is (1) to coerce compliance with a court order or (2) to compensate a party for losses sustained as a result of the contemnor's actions." *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 290-91 (5th Cir. 2002).

To show that civil contempt is warranted, a moving party must establish "1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order." *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992). Intent is not an element of civil contempt; the issue is whether the alleged contemnor has complied with the court's order. *See Whitfield*, 832 F.2d at 913.

The standard of proof for civil contempt is clear and convincing evidence, which is "that weight of proof which produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, of the truth of the precise facts of the case." *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995) (internal quotation marks omitted).

The undersigned, pursuant to 28 U.S.C. §§ 636(b) and 636(e)(6), now certifies the following facts that, in the undersigned's opinion, show that the following complained-of conduct by the Dallas Police Department constitutes a civil contempt under Rule 37(g).

Plaintiffs served proper Rule 45 subpoenas on the Dallas Police Department, through two of its divisions, requiring that the department produce its entire case, including several listed items, and to answer certain written questions under Rule 31(a). Those, for purposes of Rule 45(g), each amount to a court order that required certain conduct by the Dallas Police Department. As Plaintiffs explain, "[o]n February 26, 2020, Plaintiffs served the Dallas Police Department, specifically the Custodian of Records for the Crimes Against Persons Division – Homicide Unit and the Custodian of Records for the Physical Evidence Division – Homicide Investigation Photographs/Videos Crimes Against Persons Unit, with subpoenas to produce certain documents and investigative materials relating to the murder by March 9, 2020, with certain questions to be answered under oath." Dkt. No. 7-1 at 2-3.

And Plaintiffs report that, "[a]t no point prior to the date of compliance – March 9, 2020, did the Dallas Police Department file any written objections with the court, nor has it moved for a protective order nor to quash the deposition." Dkt. No. 7-1 at 4. And "the Dallas Police Department has failed to object, quash, or respond to the [] depositions and subpoenas in any way" and "is not responding to any communication from Written Deposition Services – the company hired to conduct the deposition on written question and obtain the documents subpoenaed." Dkt. No. 7 at 2..

For all of these reasons, the undersigned finds, based on these

certified facts, including as more fully described above, that Plaintiffs have established by clear and convincing evidence that the Dallas Police Department has failed to comply with the subpoenas at issue and is therefore in civil contempt under Rule 37(g) for failing without adequate excuse to obey the subpoenas.

### Recommendation

Third-Party Dallas Police Department should be cited to appear before United States District Judge Brantley Starr on a date that the Court will set and show cause why it should not be held in civil contempt under Federal Rule of Civil Procedure 45(g) for failing without adequate excuse to obey the subpoena and deposition on written question propounded to the homicide division and the subpoena and deposition on written question propounded to the physical evidence division, attached as Exhibits A and B to Dkt. No. 7-2.

Plaintiffs' counsel is directed to serve, or cause to be served, on the Dallas Police Department a copy of these Findings, Conclusions, and Recommendation of the United States Magistrate Judge by **June 23, 2020** and to then file a certificate of service with the Court..
.

*Id.* at 2-8.

Plaintiffs' counsel filed the required certificate of service, *see* Dkt. No. 16, and Judge Starr then set an evidentiary hearing on civil contempt, *see* Dkt. No. 19.

Non-Party City of Dallas then filed Objections to the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, *see* Dkt. No. 20, in which the City explained that

Plaintiffs did not serve the City with a copy of their motion to compel and did not confer with the City prior to filing their motion. The City was unaware of the existence of a pending motion to compel until it was served with a copy of the magistrate judge's order on June 23, 2020.

Therefore, the City respectfully requests an opportunity to respond to Plaintiffs' motion and further requests the Court to deny Plaintiffs' motion to compel for their failure to conference and serve the motion as required by the Federal Rules of Civil Procedure and the Local Rules for the Northern District of Texas.

In addition to their failure to conference and serve the motion, Plaintiffs also made several demonstrably inaccurate representations to

> the Court in their motion and briefing. Due to the lack of conference and service, the City was unable to respond to Plaintiffs' representations and these unanswered inaccuracies led to an incorrect determination by the magistrate judge that the City was in contempt. Accordingly, the City respectfully objects to the Findings, Conclusions, and Recommendation of the Magistrate Judge..

Dkt. No. 20 at 1-2 (footnote omitted). The City further noted that "Plaintiffs' subpoena and the magistrate judge's order refer to the Dallas Police Department, which is a non-jural entity." *Id.* at 1 n.1.

The undersigned then entered an electronic order directing that, "[i]n light of [20] Non-Party City of Dallas's Objections to the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and Brief In Support, the Court withdraws and vacates the [15] Findings, Conclusions, and Recommendation of the United States Magistrate Judge and directs the City of Dallas to file a response, by July 20, 2020, to [7] Plaintiffs' Motion to Compel Document Production and Depositions on Written Question to Dallas Police Department, in response to which Plaintiffs may file a reply in support of their motion by no later than August 3, 2020." Dkt. No. 21. The undersigned further advised that "Plaintiffs and the City of Dallas should fully meet and confer on the matters at issue in the motion before filing any further briefing as permitted by this order." *Id.*

And Judge Starr cancelled the evidentiary hearing on civil contempt. *See* Dkt. No. 23.

The City then filed its Response to Plaintiff's Motion to Compel and Motion for Protective Order, *see* Dkt. No. 24, and assert that

Plaintiffs seek records that are confidential under section 58.008 of the Texas Family Code and no exception applies to Plaintiffs' request. Since this is a diversity jurisdiction case, Texas law of privileges applies and the Court should find the records are confidential under section 58.008 of the Texas Family Code. Additionally, should the Court determine it has federal question jurisdiction, the Court should still apply section 58.008 because the balancing of interests favors protecting the records of a child from discovery in this case.

….

Plaintiffs do not bring a claim against the government and do not allege a constitutional violation that might outweigh the policy in favor of the privilege.

Instead, Plaintiffs merely seek information to aid in their lawsuit. While the City has no reason to dispute Plaintiffs' claim the records will aid their suit, Plaintiffs could likely get the information from a less burdensome source or, at least through a process that does not require disclosure of confidential records. Tex. Fam. Code 57.007(b)(8) ("…with permission from the juvenile court, any other individual, agency, or institution having a legitimate interest in the proceeding or in the work of the court."). Here, the balancing of the policies weights in favor of protecting the confidentiality rights of the child.

### c. If the Court determines section 58.008 applies, the Court should deny Plaintiffs' motion to compel and grant a protective order pursuant to Rule 26.

The City has attached the declaration of Detective Scott Sayers as Exhibit A. Detective Sayers states that the records requested by Plaintiffs concern the investigation of a criminal suspect who is a child and that there was a resulting criminal adjudicated as a result of the investigation. Exh. A at 1-2) Therefore, the evidence submitted by the City establishes the records requested by Plaintiffs' subpoena are confidential under Texas law.

The City did not serve formal objections before the due date of the subpoena, though it did make Plaintiffs' counsel aware of its objection informally. However, while it acknowledges it raised this issue imperfectly, the City asserts there is still good cause for applying section 58.008 and denying Plaintiffs' motion to compel. Rule 26 provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…" Fed. R. Civ. P. 26. The Court has broad discretion in determining whether to grant a motion for a protective order. ….

Plaintiffs assert the records are important to their case and the City has no reason to dispute Plaintiffs' assertion. However, as the entity charged with keeping those records confidential under state law,

the City raises the confidentiality of the records and the burden that the production will impose on the child whose records are protected by the law.

Additionally, Texas law allows another process for Plaintiffs to obtain similar information in a less burdensome manner. Specifically, section 58.007(b) of the Texas Family Code allows the inspection of juvenile records by "with permission from the juvenile court, any other individual, agency, or institution having a legitimate interest in the proceeding or in the work of the court." Tex. Fam. Code 57.007(b)(8). If Plaintiffs followed this process, they could obtain the information they contend is necessary in a manner that is specifically allowed by Texas law. [Section 57.008(b) does not authorize the release of police records but, presumably, the court records would have the basic information regarding the identify of the child that Plaintiffs seek.] Furthermore, the child's rights would be given the additional safeguard of having the court that adjudicated his or her case determine which records should be released to address the needs of the Plaintiffs. If the records of the child at issue in this case are necessary for this litigation, section 58.007(b) provides a vehicle that is less burdensome to the minor

### d. Alternatively, the Court should limit production to the minimum necessary information.

Alternatively, should the Court find that Plaintiffs' motion to compel be granted, the City respectfully requests that the Court enter a protective order to limit the production to the minimum amount of information necessary. Plaintiffs originally contended they only required the name of the suspect for the further prosecution of their case. Plaintiff's counsel has since informed the City that Plaintiffs have learned the name of the suspect. The City understands Plaintiffs are interested in further information but, if the Court orders production, the City respectfully requests that production be limited to suit the needs for the further prosecution of this case and that the court enter a protective order to prevent public disclosure. *See Fairchild*, 466 F. Supp. 827-828 (finding confidential records discoverable in 1983 action but limiting production and entering a protective order to allow redaction of records and restricting access and use of materials).

Dkt. No. 24 at 1, 5-7 (citations and footnote omitted).

Plaintiffs filed a reply in support of their motion to compel and a response to the City's motion for protective order, *see* Dkt. No. 25, and contend that

> Plaintiffs seek the police file related to the now closed

investigation of the murder of Gabrielle Simmons. City of Dallas did not file formal objections; therefore, it has waived its right to object. If the Court permits the City of Dallas to assert untimely objections, Plaintiffs agree with City of Dallas that state privilege law applies because this Court has jurisdiction based on diversity, pending this Court's ruling on Plaintiffs Motion to Remand (ECF No. 13). Therefore, if the City of Dallas is permitted to assert late objections, Plaintiffs would ask this Court to issue an order compelling the City of Dallas to produce the police file related to the murder of Gabrielle Simmons with the minor murderer's name redacted so that his Chapter 58 privacy is maintained, but the victims' state constitutional rights are protected.

….

### A. City of Dallas Waived its Right to Object

City of Dallas admits that it did not serve formal objections before the subpoena was due; therefore, it has waived its right to object to the production of documents. (ECF No. 24 at 5).

### B. The Texas Constitution's Victim's Rights Apply

In the event this Court permits the City of Dallas to assert untimely objections, Plaintiffs ask this Court to order the production of the documents with the minor murderer's name redacted. Plaintiffs agree with City of Dallas that state privilege law applies because this case was removed based solely on diversity. *Alpert v. Riley*, 2009 WL 1226767, *9 (S.D. Tex. 2009). However, Plaintiffs do not agree that Chapter 58 of the Texas Family Code requires that these records are completely withheld. Rather, Plaintiffs ask this Court to order the production of the documents with the minor murderer's name redacted so as to not run afoul of Chapter 58, but will permit Ms. Simmons' family access to the police file related to her murder investigation in accordance with their state constitutional rights.

The Texas Constitution provides that crime victims have a right to be treated with fairness. TEX. CONST. ART. I. § 30. This right is extended to "close relatives" of the deceased victim. TEX. CODE CRIM. PROC. ART. 56.02(a). "Close relatives" include parents and children of the deceased victim. *Id.* ART. 56.01(1). Despite this constitutionally mandated right, the City of Dallas appears to be more concerned with "the burden that the production will impose on the [murderer]…" simply because the individual was a teenager when he made the choice to end Gabrielle Simmons' life and take her away from her young family. (ECF No. 24 at 6). While Plaintiffs whole heartedly disagree with putting the concern of embarrassing a murderer with disclosures of his crimes above the rights of his victims, Plaintiffs understand that the legislature has deemed it necessary to protect minor murderers in most cases. Therefore, Plaintiffs ask this Court to order that the police file is

> produced with the minor murderers' name redacted so that his privacy concerns are met, but also so that the victims of his crimes have their state constitutional rights are protected. Plaintiffs seek these documents to aid in their lawsuit, but also to have closure on how the murder occurred.
> ….
> For these reasons, Plaintiffs ask this Court to overrule non-party City of Dallas' untimely objections to the subpoena. In the event the Court permits the City of Dallas to assert late objections, Plaintiffs ask this Court to order the production of the documents with the minor murder's name withheld and for all other relief they have shown they are justly entitled.

Dkt. No. 25 at 2-4.

The City filed a reply in support of its motion for protective order

> to briefly address two arguments made in Plaintiff's response. First, the City seeks a protective order under Rule 26(b) and, contrary to Plaintiff's argument, the City has not waived this argument because there is no explicit deadline for a motion for protective order. Second, the City responds to Plaintiff's suggestion that the Court order the production of the juvenile records with the name of the suspect redacted. The City opposes this relief because Plaintiff has already informed counsel for the City that he is aware of the name of the suspect and because there is no exception for redactions under section 58.008 of the Texas Family Code.

Dkt. No. 28 at 1.

The City further argues that that, although "Plaintiff argues that the City did not timely serve formal objections to Plaintiff's subpoena and argues the City waived its right to object to the production of documents,"

> the City is not seeking a ruling on objections and it is not asserting its own rights in this matter. Instead, the City is seeking a protective order to protect the rights of a child to have his or her records confidential as required by Texas law.
> The City seeks a protective order under Federal Rule of Civil Procedure 26, which does not provide an explicit deadline. Instead, Rule 26(b) provides "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue

burden or expense…" Fed. R. Civ. P. 26(b). The City does not seek a ruling on objections and does not assert its own rights. Instead, the City, as the entity charged with keeping the records of the child confidential, asserts the confidentiality of those records under Texas law and respectfully requests the Court enter a protective order to protect those rights.

….

In her reply, Plaintiff proposes a solution that would be a reasonable compromise under many circumstances. Specifically, Plaintiff proposes the Court order the City to produce the requested documents "with the minor murderer's name redacted so as to not run afoul of Chapter 58…" Pls. Resp. at 3. The City wishes to respond briefly to explain why it cannot agree to Plaintiff's proposal and why it believes the Court should deny the requested relief.

Plaintiff acknowledges this is a diversity case and that Texas law provides the rule of decision in this matter. Pls. Resp. at 2. Texas law is clear that law enforcement records of a juvenile are confidential and not subject to disclosure to the public. Specifically, Texas Family Code section 58.008(b) provides that "law enforcement records concerning a child and information concerning a child that are stored by electronic means or otherwise and from which a record could be generated may not be disclosed to the public…" Tex. Fam. Code §58.008(b). Unlike other laws providing for the confidentiality of records, section 58.008 does not provide an exception for production with redactions or even production in response to a subpoena. Instead, section 58.008 prohibits disclosure of "law enforcement records concerning a child and information concerning a child that are stored by electronic means or otherwise and from which a record could be generated" with limited exceptions and none of which apply in this case. *Id.*

Plaintiff acknowledges that Texas law governs this matter and she does not dispute that the records are protected by section 58.008 of the Texas Family Code. Therefore, section 58.008 controls and it mandates the records are confidential. Plaintiff cites no authority under Texas law that would allow the City to agree to or the Court to order the production of juvenile records with redactions.

Plaintiff cites article I section 30 of the Texas Constitution, which provides that victims of crimes be treated with fairness. However, this provision only protects victims from unfair or undignified treatment "throughout the criminal justice process…" and it does not provide crime victims with a right of action or a general right of access to otherwise confidential records. *See Sheeran v. City of Freer,* No. CV CC-07-302, 2008 WL 11499200, at *3 (S.D. Tex. Jan. 18, 2008)(finding constitutional provision does not provide a private right of action); *State ex rel. Hilbig*

*v. McDonald*, 839 S. W.2d 854, 856 (Tex. App. – San Antonio 1992, orig. proceeding) (finding that in enacting the amendment "[t]he Legislature intended to give victims access to the prosecutor—not to the prosecutor's file."); *Morton v. Bradley*, No. A-08-CA-597-SS, 2009 WL 10700167, at *7 (W.D. Tex. June 19, 2009)(finding Texas Constitution does not provide a right of access to files in pending criminal case). Further, even if the provision applied, Plaintiff fails to demonstrate or even allege any violation of the Texas constitution. Indeed, as detailed in previous briefing by the City, Texas law provides Plaintiff with another vehicle to obtain juvenile records. The Texas Constitution does not provide Plaintiff with a right to obtain juvenile records by any means she deems appropriate.

  Finally, Plaintiff fails to identify any grounds for the Court to order the production of the records under her proposed terms. Plaintiff originally claimed to only need the name of the suspect to prosecute her case. However, in the intervening weeks, Plaintiff has learned the identity of the suspect. Plaintiff fails to articulate any reason for needing additional information other than her bare assertion the records will aid in the prosecution of this litigation. Additionally, since Plaintiff already knows the name of the victim, the redaction of the records would offer little confidentiality protection.

  Plaintiff does not dispute that Texas law applies and that the records are subject to the confidentiality provisions of section 58.008 of the Texas Family Code. Plaintiff has not cited any authority that would allow the production of these records and, therefore, the City respectfully requests the court deny Plaintiff's motion to compel and grant the City's motion for protective order.

Dkt. No. 28 at 2-4.

The City also filed its Objections To Defendant's Subpoena and Motion to Quash or Modify, in which it contends that

> Defendant seeks the same records previously sought by Plaintiffs in Plaintiffs' motion to compel. Plaintiff and the City are still briefing the Court on Plaintiff's motion. (ECF No. 24) For similar reasons to those previously articulated in response to Plaintiffs' motion to compel, the City asserts the documents requested in Defendant's Subpoena are confidential under Texas law and not subject to disclosure.
> 
>   Specifically, Defendant seeks records that are confidential under section 58.008 of the Texas Family Code and no exception applies to Defendant's request. Since this is a diversity jurisdiction case, Texas law

> of privileges applies and the Court should find the records are confidential under section 58.008 of the Texas Family Code. Additionally, should the Court determine it has federal question jurisdiction, the Court should still apply section 58.008 because the balancing of interests favors protecting the records of a child from discovery in this case.
>
> ….
> The City objects to the Subpoena and Notice of Intent to Take Deposition by Written Questions in their entirety and, pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(iii), moves to quash or modify the subpoena and notice because it seeks information that is privileged and protected from disclosure by Texas law.
>
> ….
> The City objects to Defendant's Subpoena because the records sought by Defendant are confidential under section 58.008(b) of the Texas Family Code and Texas law on privileges applies to this case. Furthermore, the City moves to quash or modify the subpoena because it seeks information that is privileged and protected from disclosure under Texas law. Fed. R. Civ. P. 45(d)(3)(A)(iii); Tex. Fam. Code § 58.008(b).

Dkt. No. 27 at 1-2, 3.

> The City further asserts that the attached declaration of Detective Scott Sayers
>
> states that the records of the incident on November 6, 2017, concern the investigation of a criminal suspect who is a child and that there was a resulting criminal adjudication as a result of the investigation. Exh. B at 1-2. Therefore, the evidence submitted by the City establishes the records requested by Defendant's subpoena are confidential under Texas law. Tex. Fam. Code § 58.008(b).
>
> ….
> Alternatively, if the Court finds this case is a federal question case, the Court should still apply Texas law in this instance. While the Supremacy Clause permits a federal court to order production of materials that are otherwise confidential under state law, in applying this principle "[t]he Courts have nonetheless recognized that policies of comity and federalism require some deference to the objectives sought to be achieved by the state confidentiality provisions." *In re Grand Jury Subpoena for New York State Income Tax Records*, 468 F. Supp. 575, 577 (N.D.N.Y. 1979).
> In *ACLU of Mississippi v. Finch*, the Fifth Circuit formulated a two part policy-balancing test that considers two inquiries: First, does

the fact that the courts of Texas would recognize the privilege itself create good reason for respecting the privilege? *ACLU of Mississippi v. Finch*, 638 F.2d 1336, 1343 (5th Cir.1981). Second, is the privilege intrinsically meritorious in the court's independent judgment? *See id.*

"The first question is almost always answered in the negative" because there is almost always a cost to the hindrance of finding the truth in a federal proceeding. *Fairchild v. Liberty Indep. Sch. Dist.*, 466 F. Supp. 2d 817, 822 (E.D. Tex. 2006). However, the Court should find the answer to the second question in the affirmative. The privilege is intrinsically meritorious because a number of federal courts have already recognized there are compelling policy reasons for protecting the confidentiality of juvenile court and criminal records.

The policy reasons behind confidentiality laws like section 58.008 are well recognized in federal courts and, as such, should be considered intrinsically meritorious.

Ultimately, the *Finch* test is a test that involves "…balancing the policies behind the privilege against the policies favoring disclosure." *Finch*, 638 F.2d at 1343. Federal courts have instances where a party's constitutional rights or special concerns raised by particular causes of action can outweigh state public policy concerns. However, none of these circumstances are present in this case. Plaintiffs do not bring a claim against the government and do not allege a constitutional violation that might outweigh the policy in favor of the privilege.

Instead, the parties to this case merely seek information to aid in their lawsuit. While the City has no reason to dispute the parties' representations that the records will aid their suit, the parties could likely get the information from a less burdensome source or, at least through a process that does not require disclosure of confidential records. *See* Tex. Fam. Code 58.007(b)(8) (juvenile records may be inspected or copied "…with permission from the juvenile court, [by] any other individual , agency, or institution having a legitimate interest in the proceeding or in the work of the court."). Here, the balancing of the policies weights in favor of protecting the confidentiality rights of the child.

….

Alternatively, should the Court find that the City's objections should be overruled and its motion to quash denied, the City respectfully requests that the Court enter a protective order to limit the production to the minimum amount of information necessary. Accordingly, the City respectfully requests that production be limited to suit the needs for the further prosecution of this case and that the court enter a protective order to prevent public disclosure. *See Fairchild*, 466 F. Supp. 2d at 827-828 (finding confidential records discoverable in 1983 action but limiting

> production and entering a protective order to allow redaction of records and restricting access and use of materials).

Dkt. No. 27 at 3-6 (citations omitted).

Defendant has not filed a response, and its deadline in which to do so has passed.

## Legal Standard & Analysis

I. <u>Preliminary and Procedural Matters</u>

The subpoenas at issue were properly issued by this Court under Federal Rule of Civil Procedure 45(a), as the court where the action is pending. *See* FED. R. CIV. P. 45(a)(2) ("Issuing Court. A subpoena must issue from the court where the action is pending.").

Plaintiffs have established that they served on the Dallas Police Department the subpoena and deposition on written question propounded to the homicide division and the subpoena and deposition on written question propounded to the physical evidence division, attached as Exhibits A and B to Dkt. No. 7-2. And the City does not contend that Defendant failed to properly serve its subpoena.

As to Plaintiffs' subpoenas, the City admittedly did not timely serve formal objections. And "[a] failure to file objections results in the waiver of the same unless there are unusual circumstances present or good cause is shown." *Perez v. Boecken*, No. SA-19-CV-00375-XR, 2020 WL 2733954, at *3 (W.D. Tex. May 26, 2020) (citing *Am. Fed'n of Musicians of the U.S. & Canada v. Skodam Films, LLC*, 313 F.R.D. 39, 43 (N.D. Tex. 2015)). But the City undisputedly did make Plaintiffs' counsel aware of

its objection informally, and the Court finds that it may now raise its untimely objections under the circumstances. *See Skodam*, 313 F.R.D at 43. And Plaintiffs may therefore move "for an order compelling production." FED. R. CIV. P. 45(d)(2)(B)(i). And this Court is the court for the district where compliance is required by these subpoenas and so is the proper court for Plaintiff's Rule 45(d)(2) motion to compel. *See id.*

And, as to both Plaintiffs' and Defendant's subpoenas, the City, as a "person from whom discovery is sought," may seek a protective order under Federal Rule of Civil Procedure 26(c)(1) here. *See* FED. R. CIV. P. 26(c)(1) ("A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending – or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken.").

Finally, as to Defendant's subpoena, under Federal Rule of Civil Procedure 45(d)(3)(A), "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that … (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies." FED. R. CIV. P. 45(d)(3)(A)(iii). As the moving party, the City has the burden of proof. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

II.   The Substance of the City's Objections and Motions

As Plaintiff and the City agree, state privilege law applies because this Court has jurisdiction based on its diversity jurisdiction, on the basis of which the case was removed. And, so, because this is a diversity case applying Texas law, Texas state

law's substantive evidentiary privileges apply under Federal Rule of Evidence 501. *See* FED. R. EVID. 501 ("But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.").

And, for the reasons that the City has fully explained, the Court is persuaded that the records that Plaintiffs and Defendant seek are confidential under Texas Family Code § 58.008(b). *See* TEX. FAM. CODE §§ 58.008(b) ("Except as provided by Subsection (c), law enforcement records concerning a child and information concerning a child that are stored by electronic means or otherwise and from which a record could be generated may not be disclosed to the public and shall be: (1) if maintained on paper or microfilm, kept separate from adult records; (2) if maintained electronically in the same computer system as adult records, accessible only under controls that are separate and distinct from the controls to access electronic data concerning adults; and (3) maintained on a local basis only and not sent to a central state or federal depository, except as provided by Subsection (c) or Subchapter B, D, or E."). On the Court's reading of this Texas statute, Texas Family Code § 58.008(b) creates an evidentiary privilege from disclosure in, among other contexts, discovery. And it appears that no exception applies to Plaintiffs' or Defendant's request for these law enforcement records. *See* TEX. FAM. CODE §§ 58.008(c)-(f). And, while the Court understands why the parties want access to these records, the Court is also persuaded that article I section 30 of the Texas Constitution does not provide crime victims with a general right of access to otherwise confidential records and so declines Plaintiffs' invitation to rely on that provision to create an exception to Section 58.008(b).

## Conclusion

For the reasons explained above, the Court DENIES Plaintiffs' Motion to Compel Document Production and Depositions on Written Question to Dallas Police Department [Dkt. No. 7], GRANTS Non-Party City of Dallas's Motion for Protective Order [Dkt. No. 24] and Objections To Defendant's Subpoena and Motion to Quash or Modify, as to Defendant's Subpoena to Testify at a Deposition and Notice of Intent to Take Deposition by Written Questions directed to the Dallas Police Department [Dkt. No. 27], and quashes the subpoena served by Defendant, and grants a protective order against compliance with Plaintiffs' or Defendant's subpoenas that would require disclosure of the law enforcement records that the subpoenas seek and that Texas Family Code § 58.008 makes confidential.

Finally, the Court determines that, under all of the circumstances presented here, the parties will each bear their own expenses, including attorneys' fees, in connection with Plaintiffs' Motion to Compel Document Production and Depositions on Written Question to Dallas Police Department [Dkt. No. 7], Non-Party City of Dallas's Motion for Protective Order [Dkt. No. 24] and Non-Party City of Dallas's Objections To Defendant's Subpoena and Motion to Quash or Modify, as to Defendant's Subpoena to Testify at a Deposition and Notice of Intent to Take Deposition by Written Questions directed to the Dallas Police Department [Dkt. No. 27].

SO ORDERED.

DATED: October 14, 2020

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE